IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| Daryl Bowling,<br>  Plaintiff,<br><br>       v.<br><br>Department Of Public Safety and<br>   Correctional Services,<br>Robert L. Green,<br>Annie D. Harvey,<br>Christopher S. Smith, and<br>John Does 1-4,<br>   Defendants. | Case No. |

## COMPLAINT

### Introduction

1.      Darryl Bowling was stabbed multiple times while housed at the Maryland Correctional Institution-Jessup on February 13, 2022. He had stab wounds to the back, neck, flank area, soft tissue issues and lacerations, and fractures to his 8th and 9th ribs. Before the almost deadly assault, officials and employees at all levels of the Maryland Department of Public Safety and Correctional Services knew that the prison was full of gangs and that Mr. Bowling was ordered to be kept separate from certain individuals in order to assure his safety. The prison staff failed to ensure that Mr. Bowling was housed safely and was attacked and nearly killed as a result of this negligence. Furthermore, there were no correctional officers on the tier at the time of the assault to prevent, assist, or apprehend the individual who stabbed Mr. Bowling. Mr. Bowling brings this action to vindicate his rights under the Eighth Amendment to the United States Constitution and Maryland law.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

**Parties**

4. Plaintiff Darryl Bowling is a citizen of Maryland. He is currently incarcerated at the Maryland Correctional Institution-Hagerstown.

5. Defendant Department of Public Safety and Correctional Services ("DPSCS,") is established as a principal department of state government under Correctional Services Article § 2-101. The Maryland Division of Correction ("DOC") is a unit of the Department, CSA § 2-201, organized to incarcerate certain criminal defendants sentenced by Maryland courts. The DOC includes the Maryland Correctional Institutional-Jessup ("MCI-J").

6. Defendant Robert L. Green is Secretary of DPSCS. The Secretary of DPSCS is responsible for the administration of the Department. He is aware of DPSCS's policies and practices on inmates, including Mr. Bowling. He is aware of the requirements of federal law, including the Eighth Amendment to the United States Constitution as they pertain to the treatment of individuals incarcerated at MCI-J. He is sued in his individual and official capacities.

7. Defendant Annie D. Harvey is the Commissioner of Correction ("the Commissioner"). The Commissioner is responsible for the administration of the DOC and is responsible to the Secretary of DPSCS and the Governor for the well-regulated incarceration of inmates and the supervision of correctional staff. She is also responsible for responding to

appeals of complaints and grievances brought by individuals in DOC custody, including Mr. Bowling. She is aware of DPSCS's policies and practices on inmates, including Plaintiff. She is aware of the requirements of federal law, including the Eighth Amendment to the United States Constitution as they pertain to the treatment of individuals incarcerated at MCI-J. She is sued in her individual and official capacities.

8.  Defendant Christopher Smtih is the Warden of MCI-J and has been at all times relevant to this complaint. As such, he is responsible for the governance, discipline, and policies of that institution. Warden Smith is the legal custodian of all individuals incarcerated at MCI-J, including Mr. Bowling, and is responsible for their safe, secure, and humane treatment. He is aware of DPSCS's policies and practices on inmates, including Mr. Bowling. He is aware of the requirements of federal law, including the Eighth Amendment to the United States Constitution as they pertain to the treatment of individuals incarcerated at MCI-J. He is aware of complaints brought by inmates at MCI-J about conditions of confinement, including the conditions set forth here. He is sued in his individual and official capacities.

9.  Defendant John Does 1-4 are Correctional Officers at MCI-J at all times relevant to this complaint. They are responsible for the day-to-day operation of the prison and the safety off all the men housed there. They are aware of the requirements of federal law, including the Eighth Amendment to the United States Constitution as they pertain to the treatment of individuals incarcerated at MCI-J. They are aware of complaints brought by inmates at MCI-J about conditions of confinement, including the conditions set forth here. They are sued in their individual and official capacities.

## Factual Allegations

**Background Information**

10. MCI-J is a DPSCS DOC prison in Jessup, Maryland.

11. In February 2022, Mr. Bowling was housed there, in Housing Unit B.

12. On information and belief, all the Defendants knew that MCI-J was filled with major gang activity. Based on this gang activity, the Defendants knew that there were responsible for ensuring that Mr. Bowling was not housed in an unit where he could be the target of an assault.

13. Failing to ensure inmates are housed in appropriate and safe housing units in a prison is contrary to the standards of good correctional policy.

14. Defendants also failed to follow the standards of good correctional policy by not regularly searching cell by cell for weapons and by failing to establish and train on policies to ensure immediate response to disturbances.

**The Morning of the Attack**

15. On or about February 13, 2022, Mr. Bowling was using the phone in his housing unit at/or around 9 am.

16. While Mr. Bowling was using the phone, an unknown individual approached him from behind and stabbed him repeatedly. This was a completely unprovoked attack by the unknown assailant.

17. There were no correctional officers on the unit at the time of the assault to prevent, intervene, or apprehend the individual who stabbed Mr. Bowling.

18. After the attack, Mr. Bowling was taken to the hospital where he admitted for treatment of his stab wounds, rib fractures, and left lower lobe laceration.

**Plaintiff's Damages**

19. Mr. Bowling has suffered serious injury as a direct and proximate result of the misconduct of the Defendants alleged in the preceding paragraphs. Because the Defendants failed to institute proper inmate screening and classification processes, failure to control the existence of contraband weapons, and failure to intervene in the attack itself, Mr. Bowling was the victim of a violent assault while in the Defendants' custody.

20. As a result of the Defendants' wrongful actions, Mr. Bowling has suffered severe physical and emotional trauma, which continues until this day

**Count I**
**Failure to Protect in Violation of the**
**Eighth Amendment under 42 U.S.C. §1983**
**(Against All Defendants)**

21. Under settled United States Supreme Court authority, and in accordance with the Eighth Amendment, every prisoner has a right to be free from a known and unreasonable risk of serious harm while in the custody of the State.

22. In violation of Mr. Bowling's Eighth Amendment rights, Defendants knew and consciously disregarded the substantial risk that Plaintiff would be injured while in custody at MCI-J. The Defendants, acting individually and in conspiracy, failed to institute proper inmate screening and classification processes and failed to control the existence of contraband weapons, despite the significant and obvious risk that of harm.

23. As a direct and proximate result of the Defendants' failure to protect Mr. Bowling, he was unlawfully subjected to an unreasonable risk of serious harm and suffered damages.

### Count II
### Failure to Intervene under 42 U.S.C. §1983
### (Against John Does 1-4)

24. As described more fully in the preceding paragraphs, John Doe Defendants knew or should have known on February 13, 2022 that there was a specific risk to Mr. Bowling, then saw that risk turn into assault, had the realistic opportunity to intervene to prevent or stop the constitutional misconduct alleged above, and failed to do so.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Mr. Bowling's constitutional rights.

26. As a result of these Defendants failure to intervene, Mr. Bowling's constitutional rights were violated and he suffered damages.

### Count III
### State Law Claim for Intentional Infliction of Emotional Distress
### (Against All Defendants)

27. The acts of the Defendants as set forth above were both extreme and outrageous. The Defendants intended to cause, or acted in reckless disregard of the probability that they would cause, severe emotional distress to Plaintiff.

28. The misconduct described above was undertaken with malice, willfulness, and reckless indifference to Mr. Bowling's rights.

29. As a direct and proximate result of the misconduct described above, Mr. Bowling's rights were violated and he suffered damages.

**Request For Relief**

Plaintiff respectfully requests that this Court:

(a) Assume jurisdiction over this action;

(b) Grant Plaintiffs a trial by jury;

(c) Declare that the acts and omissions described here violated Plaintiff's rights under the United States Constitution;

(d) Enter judgment for Plaintiff Daryl Bowling against Defendants for all damages allowed by law, including:

   (i) Compensatory damages for the full value of Plaintiff's right to freedom from cruel and unusual punishment, physical injuries, pain, and suffering, and emotional distress;

   (ii) Nominal damages;

   (iii) Punitive damages; and

   (iv) Reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988 and as otherwise allowed by law; and

(e) Order any other relief this Court may deem just and proper.

Dated: July 5, 2023                    Respectfully submitted,

s/ *Justin M. Hollimon*
Justin M. Hollimon, #20039
The Hollimon Firm
P.O. Box 23726
Baltimore, Maryland 21202
Tel: (443) 326-4702
jhollimon@thehollimonfirm.com
Attorney for Plaintiff Mr. Bowling