IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DARYL BOWLING,**

    *Plaintiff*,

    v.                                              Case No. 1:23-cv-01785-JRR

**DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES,**
*et al.*,

    *Defendants*.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 25; "the Motion") and Defendants' opposition to same, which alternatively seeks dismissal of the amended pleading.[1] The court has read the parties' papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On July 5, 2023, Plaintiff filed the Complaint against Defendants Department of Public Safety and Correctional Services ("DPSCS"), Robert L. Green, Annie D. Harvey, Christopher S. Smith, and John Does 1-4. (ECF No. 1.) The Complaint includes three counts: Violation of 42 U.S.C. § 1983—Eighth Amendment against all Defendants (Count I); Violation of 42 U.S.C. § 1983—Failure to Intervene against John Does 1-4 (Count II); and Intentional Infliction of Emotional Distress against all Defendants (Count III). (ECF No. 1 at p. 5–6.) On October 10, 2023, Defendants DPSCS, Green, Harvey, and Smith filed a 12(b)(6) motion to dismiss Plaintiff's

---

[1] The court also has before it Plaintiff's Motion to Compel Investigative Report (ECF No. 23) and Defendants' opposition. (ECF No. 24.) In their Opposition, Defendants note that they provided the requested report to Plaintiff. (ECF No. 24 at p. 2.) Moreover, Plaintiff's Motion for Leave to File First Amended Complaint states that good cause exists to amend the Complaint "based on the documents that were recently provided by the Defendants in the pending motion to compel." (ECF No. 25 at p. 1.) In light of the foregoing, the Motion to Compel at ECF No. 23 is denied as moot.

Complaint.[2]  (ECF No. 18.)  On January 17, 2024, Plaintiff filed a Motion to Compel Investigative Report.  (ECF No. 23.)  On January 31, 2024, Defendants DPSCS, Green, Harvey, and Smith filed an opposition to the Motion to Compel.  (ECF No. 24.)

Plaintiff now seeks leave to file a first amended complaint, which would identify Defendants John Does 1-4 and add additional facts in support of Plaintiff's claims.  (ECF No. 25.)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FED. R. CIV. P. 15(a)(1).  Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(3).  Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "The Fourth Circuit's policy is 'to liberally allow amendment.'"  *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).  Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

---

[2] Plaintiff sought two extensions of time to oppose the motion to dismiss at ECF No. 18, which the court granted. (ECF Nos. 19 and 21.)  After Plaintiff filed the instant Motion, the court granted Plaintiff's third motion to extend time to oppose Defendants' motion to dismiss and ordered Plaintiff to file a response to the motion to dismiss at ECF No. 18 two weeks following the court's ruling on the Motion at ECF No. 25 should the court deny it.  (ECF Nos. 26 and 27.)

Defendants do not contend that the proposed amendments are prejudicial or were made in bad faith; rather, they argue Plaintiff's proposed amendments should be disallowed on grounds of futility. The Fourth Circuit cautions that leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Further, "[a] review for futility is not equivalent to an evaluation of the underlying merits of the case." *Next Generation Group, LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 1141 (1980)).

The court in *Lavin v. Safeco Insurance Company of America* succinctly explained:

> As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). . . .
>
> Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):
>
>> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the

3

> proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.
>
> *Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).
>
> Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See*, *e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).
>
> That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Case No. 22-cv-1788, 2022 WL 17342051, at *1–2 (D. Md. Nov. 30, 2022).

The instant case is in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (explaining that "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing"). The proposed amendments survive Rule 15, as the amendments do

4

not prejudice any party, the case is in its nascent stage, the amendments are not clearly insufficient or frivolous on their face, and Plaintiff has not acted in bad faith. Moreover, Defendants' futility arguments are heavily rooted in the sufficiency and nature of the allegations; therefore, these defenses are better aired and evaluated by way of a 12(b)(6) motion. *See Lavin*, 2022 WL 17342051, at *2 (noting that while the procedure was lacking in efficiency, "the cleanest record will be produced by permitting Plaintiff's Second Amended Complaint to be filed, then allowing Safeco to re-file its arguments in favor dismissal, if it so chooses, for this [c]ourt's substantive consideration under Rule 12(b)(6) standard") *Id.*

For the reasons set forth herein, Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 25) shall be, and is hereby, **GRANTED;** the Motion to Dismiss at ECF No. 18 shall be, and is hereby, **DENIED AS MOOT**; and the Motion to Compel at ECF No. 23 shall be, and is hereby, **DENIED AS MOOT**. Madam Clerk is directed to docket the First Amended Complaint. (ECF No. 25-1.)

Finally, the court notes that Plaintiff did not respond to Defendants' alternative 12(b)(6) motion to dismiss the First Amended Complaint (set forth in ECF No. 28). Inasmuch as the alternative motion is technically not at issue until the Clerk of Court dockets the proposed amended complaint, the court construes the motion to dismiss set forth in ECF No. 28 as pending upon the moment the First Amended Complaint is docketed. Plaintiff shall therefore have fourteen (14) days from entry of the First Amended Complaint within which to respond to Defendants' motion to dismiss, following which Defendants may file a reply per the court rules.

/s/

April 18, 2024

_____
Julie R. Rubin
United States District Judge